NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0016n.06
Filed: January 9, 2009

No. 07-4023

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                 **)**

                        **)**

    *Plaintiff - Appellee,*                 **)**        **ON APPEAL FROM THE UNITED**

                        **)**        **STATES DISTRICT COURT FOR THE**

                                    **SOUTHERN DISTRICT OF OHIO AT**

v.                                       **)**        **DAYTON**

                        **)**

MICHAEL ANTHONY PEREZ,                    **)**

                        **)**

    *Defendant - Appellant.*               **)**

                        **)**

**BEFORE: COLE and COOK,  Circuit Judges; EDMUNDS,[*] District Judge**

    **EDMUNDS, District Judge.**  Michael Anthony Perez, along with another co-conspirator, was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(A)(ii).  Before trial, the district court dismissed the indictment against Perez because the government had not indicted Perez within the time period set forth in the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*  The sole issue before this Court is whether the district court abused its

---

      [*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

discretion when it dismissed the indictment against Perez without prejudice, pursuant to 18 U.S.C. § 3162(a)(1). Because there was no abuse of discretion, we affirm the district court's decision.

## I.

On November 3, 2003, a criminal complaint was filed against Perez in the United States District Court for the Southern District of Ohio. Perez was charged with conspiring to distribute and possess with the intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(A)(ii). An arrest warrant for Perez was also issued on November 3, 2003.

On November 28, 2004, Perez was in the Los Angeles County Jail on an unrelated state charge and had posted bail. Before he was released, however, he was detained on the outstanding federal arrest warrant.

On December 3, 2004, Perez was transferred from state custody to federal custody in the United States District Court for the Central District of California. On December 13, 2004, Perez appeared before a magistrate judge in that district, waived an identity hearing and arrival of process, and agreed to be transferred to the charging district, the United States District Court for the Southern District of Ohio.

On December 15, 2004, a warrant for removal of Perez was filed. On January 2, 2005, the United States Marshal's Service transported Perez from California to Ohio. He arrived in the Southern District of Ohio on January 16, 2005.

On February 1, 2005, Perez initially appeared before the district court, and the district court set detention and preliminary examination hearings for February 4, 2005.

On February 2, 2005, Perez filed a motion to continue the preliminary examination and detention hearings from their February 4, 2005 scheduled date, and on February 7, 2005, the district court entered an order granting Perez's motion to continue.

On February 8, 2005, a superseding indictment was filed in a pending criminal matter, adding a count against Perez charging him with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

In June 2005, Perez filed a motion to suppress. Evidentiary hearings were held in November 2005, March 2006, June 2006, and August 2006 on Perez's motion as well as other motions filed by co-defendants.

On June 7, 2006, Perez filed a motion arguing that his indictment should be dismissed with prejudice because the government had violated the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. Perez raised two alternative arguments why his indictment should be dismissed: (1) pursuant to § 3161(b) of the Speedy Trial Act, he should have been indicted by December 27, 2004, which would have been 30 days after his November 28, 2004 arrest;[1] or (2) pursuant to § 3161(h)(1)(H) of the Speedy Trial Act, he should have been indicted by January 6, 2005, which would have provided the government with ten additional days deemed reasonable for his transfer from the Central District of California to the Southern District of Ohio.[2] Perez argued that the dismissal of his indictment should

---

[1]Pursuant to Fed. R. Crim. P. 45(a)(1), November 28, 2004 should not be counted. Therefore, under Perez's first argument, the indictment should have been filed by December 28, 2004.

[2]Perez's calculation is wrong. Applying Fed. R. Crim. P. 45(a)(1), the day Perez was arrested is excluded. Thus, the time period begins to run on November 29, 2004. Also, to calculate the excludable ten day period under § 3161(h)(1)(H), intermediate Saturdays, Sundays, and legal holidays are not counted. Fed. R. Crim. P. 45(a)(2).

3

be with prejudice because there was no justification for the additional delay between his November 28, 2004 arrest and February 8, 2005 indictment.

On August 23, 2006, at the conclusion of the evidentiary hearings on pending motions, the district court set a briefing schedule for Perez's motion to dismiss. Without objection from either side, the district court informed the parties that all pending motions would be decided on the briefs. The district court later granted both Perez's and the government's requests for more time to file their briefs.

On January 23, 2007, the government filed a response to Perez's motion to dismiss his indictment. As directed by the district court, that response also addressed other pending defense motions. After providing a full recitation of the relevant facts, the government tackled Perez's motion to dismiss. The government argued that there was no Speedy Trial violation because the entire time period between Perez's transfer to federal custody in the Central District of California on December 3, 2004 and his arrival in the Southern District of Ohio on January 16, 2005, was excludable under § 3161(h)(1)(H) of the Act.[3] The government further argued that, even if there were a violation, dismissal should be without prejudice because (1) Perez's offense is serious, (2) the delay caused by Perez's physical transfer from California to Ohio was reasonable, and (3) Perez's co-conspirators had not yet completed adjudication of their cases and thus re-prosecution of Perez would not hinder the administration of justice. In a supplemental brief, the government cited a Sixth

---

[3]The government's argument is based on the following: (1) calculate the time between Perez's November 28, 2004 arrest and the December 3, 2004 date he was transferred to federal custody (5 days); (2) exclude time between December 3, 2004 and the January 16, 2005 date he arrived in the Southern District of Ohio; and (3) add the time between the January 16, 2005 arrival date and the February 8, 2005 indictment (23 days), for a total of 28 days. This is less than the 30 days between arrest and indictment permitted under the Speedy Trial Act.

4

Circuit decision, *United States v. Edgecomb*, 910 F.2d 1309, 1314-15 (6th Cir. 1990), in support of its argument that § 3161(h)(1)(H) excludes the entire period between a defendant's arrest and his initial appearance in the transferee court from the Speedy Trial computations.

On February 26, 2007, Perez filed a reply, arguing that, under the plain language of § 3161(h)(1)(H), any delay in his transport beyond ten days is presumed to be unreasonable. Because the government had not presented any evidence to rebut that statutory presumption, only ten days for transfer were excludable under § 3161(h)(1)(H). Even if those ten days are excluded, Perez argued, the government violated the 30 day period allowed under the Act between his arrest and indictment. Moreover, because the government failed to offer any justification for its delay, Perez asserted, the dismissal of his indictment should be with prejudice.

On March 16, 2007, the district court issued a written opinion, agreeing with Perez that there was a Speedy Trial Act violation, rejecting Perez's argument that the dismissal of his indictment should be with prejudice, and dismissing Perez's indictment without prejudice. The district court first observed that, under the Speedy Trial Act, an indictment must be filed within 30 days after an arrest and must be dismissed if it is not. 18 U.S.C. §§ 3161(b), 3162. It then considered whether all or part of the delay attributable to Perez's transfer from California to Ohio was excludable under the Act.

Construing §§ 3161(h)(1)(G) and (H) together, the district court determined that there is a statutory presumption that a ten day delay to transport a defendant from one judicial district to another is reasonable and thus excludable under the Speedy Trial Act. Because the government had not explained why it was reasonable to take more than ten days to transport Perez from California

5

to Ohio and thus had not rebutted the ten day statutory presumption, the district court limited the excludable time under §§ 3161(h)(1)(G) and (H) to ten days, not counting intermediate Saturdays, Sundays and holidays. Specifically, the warrant for Perez's removal was filed on December 15, 2004. Therefore, not counting the day of the event or intermediate Saturdays, Sundays, or holidays, as provided under Fed. R. Crim. P. 45(a), the district court determined that it was "presumed reasonable for the Government to take until December 30, 2004 to transfer Perez." Observing that Perez moved for a continuance on February 2, 2005, the district court concluded that there were 33 days between the December 30, 2004 date when Perez should have arrived in the district and the February 2, 2005 date when he moved for a continuance. Because this exceeded the time allowed under the Speedy Trial Act, the indictment was dismissed pursuant to § 3162(a)(1) of the Act.

Finally, the district court considered whether the dismissal should be with or without prejudice. It first observed that § 3162(a)(1) requires consideration of three factors. It then concluded that the dismissal would be without prejudice in light of the seriousness of Perez's charged offense, the facts and circumstances of the case, and the impact of a re-prosecution on the administration of justice.

On March 20, 2007, a new indictment was filed against Perez alleging the same charge as in the previously dismissed indictment.

On March 21, 2007, Perez pleaded guilty to the charges in that one-count indictment. On August 6, 2007, a judgment was entered, and Perez was sentenced to 120 months in prison, followed by a five year period of supervised release.

Perez now appeals the judgment of sentence entered on his guilty plea.

6

**II.**

This appeal does not question the district court's decision that the Speedy Trial Act was violated, or its decision that it was required, pursuant to § 3162(a)(1) of the Act, to dismiss Perez's February 8, 2005 indictment. Rather, Perez's sole argument is that the district court erred when it dismissed his indictment without prejudice, thus allowing his subsequent re-indictment.

To fully understand Perez's argument, we begin with a discussion of § 3162(a)(1) of the Speedy Trial Act. Although the Speedy Trial Act "does not specify whether dismissal should be with or without prejudice" and does not "contain a default presumption one way or the other," it does "provide three factors for a court to consider when making this determination." *United States v. Robinson*, 389 F.3d 582, 586 (6th Cir. 2004). These factors are: (1) "the seriousness of the offense;" (2) "the facts and circumstances of the case which led to the dismissal;" and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1).

In determining whether to dismiss Perez's indictment with or without prejudice, the district court found that the first factor supported a dismissal without prejudice because Perez was charged with a serious drug offense that required a mandatory minimum sentence of ten years imprisonment up to life. The district court did not articulate any reasons for concluding that the last two statutory factors also justified a dismissal without prejudice.

Perez argues that, because the district court did not fully articulate its analysis of these statutory factors or hold an evidentiary hearing about Perez's role in the charged offense, it must be reversed as an abuse of discretion. This Court does not write on a blank slate, having considered a

substantially similar issue in *United States v. Robinson*, 389 F.3d 582 (6th Cir. 2004).

In *Robinson*, we observed that, despite our statement "in dicta that a district court that fails to address the statutory factors should be reversed," we had not yet considered "a case where a district court judge completely fails to make any mention of the statutory factors." *Id.* at 587-88. After reviewing decisions from other circuits that had done so, we concluded that, when presented with a sufficient record, a reversal and remand was not required. Rather, when "the record is sufficient for the Court to make a determination of whether the district court abused its discretion by dismissing the defendant's charges without prejudice, the Court may undertake more substantive scrutiny to ensure the judgment is supported in terms of the factors identified in the statute." *Id.* at 588 (internal quotation marks and citations omitted). Finding the record sufficient in *Robinson*, we determined that the district court's dismissal without prejudice was not an abuse of discretion. *Id.* at 589.

As in *Robinson*, the record here is sufficient for this Court to determine whether the district court abused its discretion when it dismissed Perez's February 8, 2005 indictment without prejudice. First, the district court did provide a rationale for its conclusion that the charges against Perez were serious. It observed that Perez's drug charges carried serious consequences -- a mandatory minimum sentence of ten years imprisonment. This Court has consistently approved this rationale for finding that the seriousness of the charged offense favored a dismissal without prejudice. *See, e.g., id.* at 588 (citing *United States v. Howard*, 218 F.3d 556, 561 (6th Cir. 2000)). Moreover, despite Perez's arguments to the contrary, the district court's decision reveals that the numerous evidentiary hearings on defense motions provided it with ample details about the charged drug conspiracy and Perez's role as a supplier in that cocaine trafficking conspiracy. There was no need for an additional

8

evidentiary hearing to support the district court's finding that the charges were serious and thus favored a dismissal without prejudice.

We next consider the facts and circumstances that led to the dismissal of Perez's February 8, 2005 indictment. *Robinson*, 389 F.3d at 588. Despite Perez's argument to the contrary, those facts and circumstances are in the record. There is no evidence that the delay resulted from governmental misconduct or gross neglect or that the government took advantage of any delay. Rather, the government's delay in filing the indictment is explained by its misplaced reliance on two decisions from this Court concerning the amount of time that is excludable under § 3161(h)(1)(G) and (H) of the Speedy Trial Act when a defendant is transferred by the United States Marshal's Service from a judicial district in one state to another judicial district in different state. Although the district court found the decisions in *United States v. Edgecomb*, 910 F.2d 1309 (6th Cir. 1990) and *United States v. Enriques*, No. 93-5304, 1994 WL 456797 (6th Cir. Aug. 23, 1994) distinguishable, the government's reliance on them cannot be characterized as evidence of misconduct or gross negligence. Unlike circumstances that would justify a dismissal with prejudice, "this is not a case where the defendant has shown a pattern of negligence or bad faith on the part of the prosecutors." *Robinson*, 389 F.3d at 589 (internal quotation marks and citation omitted). In light of the above, the district court correctly found that the facts and circumstances that led to the dismissal of Perez's indictment favored a dismissal without prejudice.

Finally, we consider "the impact of the reprosecution on the administration of justice." *Id.* When examining this third factor, the Court considers "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Id*. (internal quotation marks and citation

9

omitted). We have already determined that the government did not engage in prosecutorial misconduct that must be deterred. Furthermore, Perez does not argue and our review of the record does not reveal that he suffered any actual prejudice as a result of the slight delay in the filing of his indictment. Thus, it was not error for the district court to conclude that consideration of this third factor also favored a dismissal without prejudice.

Having considered each of the three factors in § 3162(a)(1) of the Speedy Trial Act, this Court concludes that the district court did not abuse its discretion in dismissing Perez's indictment without prejudice.

## III.

For the foregoing reasons, we affirm the district court's decision to dismiss Perez's indictment without prejudice.